**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
:
GISELLE MCKENZIE, on behalf of herself and :
all others similarly situated,                :
:
          Plaintiff,          : Civil Action No.
:
vs.                                           : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
PRESSLER FELT & WARSHAW, LLP,                 :
:
          Defendant.          :
:
————————————————— X

      Plaintiff GISELLE MCKENZIE (hereinafter "Plaintiff"), on behalf of herself and

all others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendant PRESSLER, FELT & WARSHAW, LLP (hereinafter

"Defendant"), its employees, agents, and successors, the following:


**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.       Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and the cause of action arose

in this jurisdiction.

## DEFINITIONS

4.       As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.       Plaintiff demands a jury trial on all issues.

## PARTIES

6.       The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.       Plaintiff is a natural person and resident of the city of Franklin Park, New

Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.       Based upon information belief, PRESSLER FELT & WARSHAW, LLP

("PFW"), is a law firm engaged in the business of collecting debts in this state with its

principal place of business located at 7 Entin Road, Parsippany, New Jersey 07054.  The

principal purpose of PFW is the collection of debts in this state and PFW regularly attempts to collect debts alleged to be due another.

9.      Based upon information and belief, each Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

12.     This Action is properly maintained as a class action.

•    During the class period, all individuals who were sued in state court in New Jersey in which the plaintiff(s) in those lawsuits were represented by Defendant and the individuals were subject to the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a. Whether Defendants violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

4

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors

5

using the Courts, the United States Postal Service, telephone and/or the Internet.

16.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.     Sometime prior to September 29, 2022, Plaintiff allegedly incurred a financial obligation to The Art of Dentistry, LLC. ("AOD") related to dental services provided to Plaintiff ("the Debt").

18.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

19.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     AOD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Sometime prior to September 29, 2022, AOD, either directly or through intermediate transactions assigned, placed or transferred its entire interest in the Debt to Defendant PFW for purposes of collection.

22.     On September 29, 2022, Defendant PFW, filed a lawsuit against Plaintiff on behalf of AOD entitled The Art of Dentistry, LLC v. McKenzie, SOM-DC-002801-22 ("the State Court Action") in Somerset County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part to recover $1,918.50, plus costs, related to the Debt.

23.     On November 28, 2022, after no answer was filed on Plaintiff's behalf in the State Court Action, a judgment was entered against Plaintiff in the amount of $2,028.87 ("the Judgment").

24.     On January 20, 2023, Defendant applied to the Court in the State Court Action for an Order for Wage Execution.

25.     On January 27, 2023, the Court granted the wage execution.

26.     On February 6, 2023, Defendant filed a second application for wage execution.

27.     On or about February 22, 2023, Plaintiff had a short telephone conversation with Defendant in which Plaintiff agreed to pay an amount to settle the Judgment in full so that she would receive a warrant of satisfaction.

28.     During or shortly after that telephone conversation, on February 22, 2023 Plaintiff made a credit card payment of $2,114.82 to PFW, expecting that the Judgment would be considered paid in full, and the Judgment would be satisfied.

29.     After Plaintiff had settled and paid the $2,114.82, on February 27, 2023, the Court granted Defendant's second wage execution in the amount of $2,351.95.

30.     The second wage execution was granted even though Plaintiff had previously paid $2,114.82 on February 22, 2023, with Plaintiff's understanding that she had settled and paid the Judgment in full.

31.     Despite Plaintiff's payment and settlement of the Judgment in full, beginning with the pay period ending April 16, Defendant garnished $281.74 from Plaintiff's wages.

32.     For the pay period ending April 30, 2023, Defendant garnished an additional $271.74

33.     By April 30, 2023, Plaintiff had already made a credit card payment for $2,114.82, and Defendant had garnished an additional $553.48 from Plaintiff's wages. Between Plaintiff's payment and the wage garnishments, Plaintiff had easily paid more than the full judgment amount, plus any additional interest and costs that had accrued on

7

the Judgment.

34.    Nonetheless, for the next several months Defendant continued to garnish Plaintiff's wages despite the fact that the Judgment had been paid in full, and then some.

35.    From April through September 2023, Defendant garnished a total of $2475, in addition to the credit card payment of $2114.82, -- having received a total of more than $4500 from Plaintiff--- **nearly double the amount of the Judgment**.

36.    Subsequently, a portion of the illegally withheld funds were returned to Plaintiff.

37.    However, over a period of several months, Plaintiff was deprived of the use of more than $2000 of her money since Defendant had illegally garnished and withheld her funds.

38.    As a result of Defendant's conduct, Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

39.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

41.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

42.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43.    The documents Defendants filed in the Court provided confusing and

incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

44.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

47.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## **POLICIES AND PRACTICES COMPLAINED OF**

48.     It is Defendant's policy and practice to file collection lawsuits against consumers  which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     By taking more money from Plaintiff than it was entitled.

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

49.    On information and belief, Defendants engaged in the type of violative conduct identified herein with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

50.    Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51.    Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

52.    By filing collection lawsuits against consumers in improper venues and in engaging in other collection activity as set forth herein, Defendants violated:

A.  15 U.S.C. § 1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff

B.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C.  15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding  money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect

D.  15 U.S.C. § 1692e(2)(B), by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

E.  15 U.S.C. § 1692e(5), by taking or threatening to take any action that cannot be legally taken;

F.  15 U.S.C. § 1692e(10), by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G.  15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H.  15 U.S.C. §1692f(1), by collecting or attempting to collect an amount that was not  permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
        December 27, 2023

                        Respectfully submitted,

                   By: s/ Lawrence C. Hersh
                      Lawrence C. Hersh, Esq.
                      17 Sylvan Street, Suite 102B
                      Rutherford, NJ  07070
                      (201) 507-6300
                      *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

      I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: December 27, 2023          By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq