<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 13, 2025

Lawrence C. Hersh
17 Sylvan Street
Suite 102B
Rutherford, NJ 07070
*Counsel for Plaintiff*

Michael Jon Peters
Pressler, Felt & Warshaw, LLP
7 Entin Road
Parsippany, NJ 07054
*Counsel for Defendant*

Paul Richard Adezio
Office of County Counsel, Mercer County
640 South Broad Street
P.O. Box 8068
Trenton, NJ 08625
*Counsel for Third Party Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    Re:    *McKenzie v. Pressler, Felt & Warshaw, LLP*
             **Civil Action No. 23-23379 (SDW) (JRA)**

Counsel:

    Before this Court is Defendant Pressler, Felt & Warshaw, LLP's ("PFW") motion for reconsideration (D.E. 30) of this Court's opinion and order (D.E. 27; D.E. 28) granting Third Party Defendant Office of the Mercer County Sheriff's (OMCS) motion to dismiss (D.E. 15) PFW's third party complaint (D.E. 7 at 10–19). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the motion for reconsideration is **GRANTED**.

**BACKGROUND AND PROCEDURAL HISTORY**

The parties are presumed to be familiar with this matter and may refer to this Court's February 25, 2025 opinion (D.E. 27) for a summary of the factual background. In that opinion, this Court granted OMCS's motion to dismiss the third party complaint on the grounds that OMCS was protected against PFW's negligence and amercement claims by qualified immunity. (*Id.* at 3, 7–9.) PFW filed the instant motion for reconsideration of that opinion on March 11, 2025. (D.E. 30.) OMCS responded on April 21, 2025. (D.E. 35 ("Opp.").)

**LEGAL STANDARD**

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). The party moving for reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

**DISCUSSION**

PFW seeks reconsideration on the basis that this Court's decision contained three legal errors: that PFW was "required to utilize *N.J.S.A.* [§] 2A:17-55 to seek a judicial modification of the amount to be collected," that OMCS had discretion to decide whether to apply a credit to the writ and cease collection, and that the New Jersey Tort Claims Act (the "Act") immunizes OMCS against PFW's claims. (D.E. 30-2 ("Mot.") at 1.)

This Court did not hold that PFW was required to modify the writ of execution as provided in N.J.S.A. § 2A:17-55. (D.E. 27 at 8 n.4, 9.) It indicated that because § 2A:17-55 provides an official procedure for modifying a writ of execution, which PFW did not follow, OMCS was left with discretion to enforce the writ as issued or modify it according to PFW's instructions. (*Id.* at 8 & n.4 ("[Whether OMCS's action was ministerial or discretionary] may have been a closer call had PFW properly modified the wage orders pursuant to N.J.S.A. § 2A:17-55.").) PFW's failure to modify the writ pursuant to § 2A:17-55 also supported that OMCS acted reasonably by enforcing the writ as issued. (*Id.* at 9.) Any confusion that OMCS had regarding modifying the writ was understandable in light of PFW's failure to use the statutorily provided procedure, but the statute is not the only way that the writ could have been modified.

PFW's next argument, however—that OMCS's execution of the writ was ministerial as opposed to discretionary—is persuasive. A judgment creditor may have a writ "delivered to the sheriff with instructions as to levying," and the sheriff has a "duty to execute the writ according to [those] instructions." *Vitale v. Hotel California*, 446 A.2d 880, 884 (N.J. Super. Ct. Law Div. 1982). *Family Finance Corp. v. Jenkins*—a case that PFW did not cite in opposition to the motion to dismiss—provides that a judgment creditor may direct the sheriff not to proceed with wage collection absent further instructions or the issuance of another writ, without using the process

2

under § 2A:17-55. 329 A.2d 604, 607 (Essex Cnty. Dist. Ct. 1974) (finding that "plaintiff … may direct the sheriff not to proceed to a sale, without further orders from him; or unless urged on by younger executions, without thereby losing his priority" and finding "no substantive difference" between directing employer to suspend deductions under a wage execution and directing sheriff not to proceed with a sale).[1]

In light of this clarification that a judgment creditor may instruct a suspension of collections, and PFW's other cited cases, it seems that enforcing a writ of wage execution pursuant to such instructions is ministerial. *See Czyzewski v. Schwartz*, 265 A.2d 173, 176 (N.J. Super. Ct. App. Div. 1970) (finding that signaling car to pull over pursuant to another officer's instructions, which plaintiff alleged officer did in a way that caused an accident, "did not involve the exercise of discretion beyond a ministerial function"); *Ritter v. Castellini*, 414 A.2d 614, 616–17 (N.J. Super. Ct. Law Div. 1980) (finding that sheriff had duty to "provide for … safekeeping" of personal property, and while he "ha[d] a certain amount of discretion in determining exactly how to perform this function, the duty [was] still essentially ministerial" because neither "high-level policy decisions" nor "activity of a legislative or judicial nature" were involved). Even though PFW could have amended the writ under § 2A:17-55, and caused confusion by not doing so, OMCS had a duty to follow PFW's instructions. *Vitale*, 446 A.2d at 884. It is not unheard of that those instructions would be to stop collections. *Family Fin.*, 329 A.2d at 607. "Unless [OMCS] chose to disregard completely" the writ, it "had to" execute it according to PFW's instructions.[2] *Czyzewski*, 265 A.2d at 176. For the avoidance of manifest injustice, and in light of PFW's newly cited cases, this Court finds that OMCS's execution of the writ was ministerial.

Because OMCS's execution of the writ was a ministerial act, OMCS is not immunized from liability for its negligence in doing so. N.J.S.A. § 59:2-3(d) ("Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.").[3] Accordingly, the defense on which this Court's decision to grant the motion to dismiss was based is inapplicable. (D.E. 27 at 9.)

---

[1] *Family Finance* holds that if such a direction leaves the debtor in full control of the property as its "rightful and absolute owner" and interferes with a younger claim to the property, then the first judgment creditor must have modified the writ under § 2A:17-55 to maintain priority over the younger claim. *Id.* at 607–08. There is no second claimant to the wages at issue here, so modification under § 2A:17-55 is not necessary, and *Family Finance* actually provides that it is acceptable for a judgment creditor to instruct the employer to cease collections without modification under § 2A:17-55 in such circumstances. *Id.* at 607.

[2] OMCS argues that amercement has not been applied to a situation where the sheriff executed a writ contrary to the judgment creditor's instructions to cease or reduce collections (Opp. at 9), but that does not mean that it never could. Amercement applies when a sheriff "fails to perform any duty imposed upon him by law in respect to writs of execution resulting in loss or damage to the judgment creditor," N.J.S.A. § 40A:9-109, which squarely describes the circumstances here.

[3] Even if executing the writ were discretionary, under *Family Finance*, OMCS's choice to disregard PFW's instructions was not objectively reasonable. The facts have also not been developed sufficiently to determine whether OMCS acted in good faith. Because the Act "immunizes employees who have acted (a) with objective reasonableness, or (b) with subjective good faith," *Gonzalez v. N.J. Dep't of Child. & Fams.*, 545 F. Supp. 3d 178, 218 (D.N.J. 2021), *aff'd in part, appeal dismissed in part sub nom. Gonzalez v. New Jersey*, No. 21-2395, 2023 WL 3884114 (3d Cir. June 8, 2023), OMCS would not be immunized even if its execution of the writ were discretionary.

When this Court granted the motion to dismiss, it did so only on the basis of immunity, and it declined to reach OMCS's argument that PFW failed to state a claim upon which relief could be granted. (*Id.*) OMCS's original argument in support of dismissal for failure to state a claim was meager; it stated the standard and that "the Third-Party Complaint fails to state a claim upon which relief can be granted," without explaining why. (D.E. 15-1 at 7–8; D.E. 26 at 7–8.) PFW adequately pleads that OMCS negligently failed to follow its instructions with respect to the writ, and further factual development is needed to evaluate the merits of the negligence and amercement claims. For these reasons, OMCS's motion to dismiss the third party complaint for failure to state claim upon which relief can be granted must be denied.

## **CONCLUSION**

For the reasons set forth above, PFW's motion for reconsideration is **GRANTED**, and OMCS's motion to dismiss the third party complaint is **DENIED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
José R. Almonte, U.S.M.J.